IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH WALLACE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 19-870-CFC |
| ) | |
| AKINBAYO KOLAWOLE, ) | |
| Warden, and ATTORNEY ) | |
| GENERAL OF THE STATE OF ) | |
| DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**

I. **INTRODUCTION**

Presently pending before the Court is Petitioner Joseph Wallace's Petition for a Writ of Habeas Corpus ("Petition"). (D.I. 3) For the reasons set forth below, the Court will summarily dismiss the Petition for failure to prosecute.

II. **BACKGROUND**

On January 30, 2015, a Delaware Superior Court jury found Petitioner guilty of four counts of theft of a firearm, three counts of criminal mischief less than $1,000, two counts of third degree criminal trespass, and one count each of theft from a senior, theft greater than $1,500, and selling stolen property less than $1,500. *See Wallace v. State*, No. 385, 2015, Order (Del. Dec. 22, 2015). The Superior Court sentenced Petitioner to a total of seventeen years at Level V, with credit for eighty days previously served, suspended after successful completion of the Level V Key Program for decreasing

levels of supervision. *See id.* at 1. After filing a direct appeal on Petitioner's behalf, defense counsel filed a no-merits brief and motion to withdraw under Delaware Supreme Court Rule 26(c). *See id.* at 2. The Delaware Supreme Court reviewed the record and the State's motion to affirm, and concluded that Petitioner's direct appeal was "wholly without merit and devoid of any arguably appealable issue." *Id.* at 3. Therefore, the Delaware Supreme Court affirmed the Superior Court's judgment and denied defense counsel's motion to withdraw as moot. *Id.*

It appears that Petitioner filed a motion for review of sentence with the Delaware Superior Court on April 1, 2019, which the Superior Court denied on April 15, 2019. (D.I. 3 at 3 ¶ 11) Petitioner did not appeal that decision. (D.I. 3 at 5 ¶ 11(d))

Petitioner filed the instant Petition on May 9, 2019 while he was incarcerated at the Howard Young Correctional Institution in Wilmington, Delaware. (D.I. 3) The sole claim in the Petition alleges that defense counsel provided ineffective assistance during Petitioner's trial and by failing to pursue valid claims on direct appeal. (D.I. 3 at 5-6) On October 30, 2019, the Court issued an Order informing Petitioner that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, applies to his form habeas Petition ("initial AEDPA Order"). (D.I. 5) The initial AEDPA Order directed Petitioner to complete an AEDPA Election Form indicating how he wished to proceed, and also informed Petitioner that the Court would proceed to rule on the pending Petition as filed if Petitioner did not file the AEDPA Election Form by November 29, 2019. (*Id.*)

Petitioner never filed a completed AEDPA Election Form indicating how he wished to proceed; in fact, he has not filed anything with the Court since his original

2

filing in May 2019. Utilizing Vinelink (Delaware's inmate locator), the Court determined that Petitioner was released during the pendency of the instant proceeding and is currently living in the community on supervised release. Consequently, on November 2, 2021, given Petitioner's failure to file an AEDPA Election Form and/or inquire about the status of his habeas Petition, the Court issued an order directing Petitioner to inform the Court by December 4, 2021 if he still wishes to proceed with the instant habeas proceeding ("show cause order") and that his "failure to timely return a written document indicating his intent shall result in the Court summarily dismissing the case for failure to prosecute." (D.I. 6) The show cause order also directed the Clerk of the Court to obtain Petitioner's current address from the Delaware Department of Correction and send the order to Petitioner at that address. (*Id.*) Petitioner did not file a response by the December 4, 2021 deadline.

## III. STANDARD OF REVIEW

"The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provision or [the habeas corpus] rules, may be applied to a [habeas] proceeding." Rule 12, Rules Governing Section 2254 Proceedings for the United States District Courts, 28 U.S.C. foll. § 2254. Federal Rule of Civil Procedure 41(b) authorizes a district court to *sua sponte* dismiss an action if a party fails to prosecute the action or comply with the court's order or rules. See Fed. R. Civ. P. 41(b). Similarly, Local Rule 41.1 provides that, "in each case pending wherein no action has been taken for a period of 3 months, the Court may, on its motion or upon application of any party, and after reasonable notice and opportunity to be heard,

enter an order dismissing such case unless good reason for the inaction is given." D. Del. LR 41.1.

When determining whether to dismiss an action for failure to prosecute under Rule 41(b), district courts in the Third Circuit must balance the following six factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868; *see Parks v. Ingersoll-Rand Co.*, 380 F. App'x 190, 194 (3d Cir. 2010). Importantly, "[n]o single *Poulis* factor is dispositive [... and] not all of the *Poulis* factors need to be satisfied in order to dismiss a complaint." *Briscoe v. Klaus*, 538 F.3d 252, 262 (3d Cir. 2008).

## IV. DISCUSSION

An assessment of the *Poulis* factors weighs heavily in favor of dismissing the instant Petition. The first factor weighs against Petitioner because, as a *pro se* litigant, he is personally responsible for prosecuting his case. *See, e.g., Lopez v. Cousins*, 435 F. App'x 113, 116 (3d Cir. 2011) ("As a general rule, a *pro se* litigant is responsible for his failure to comply with court orders.") The second factor – prejudice to the adversary – is neutral, because there is no indication that Petitioner's failure to respond to the Court's show cause order prejudices the State. The third, fourth, and fifth factors weigh in favor of dismissal, because: (1) Petitioner's failure to file a completed AEDPA election form, his failure to update the Court with a new address after being released from

4

prison, and his failure to respond the Court's November 2021 show cause order support a conclusion that he has a history of dilatoriness; (2) Petitioner's failure to reply to the Court's show cause order appears to be willful since the order was sent to his current address and he was warned that such a failure would result in summary dismissal; and (3) given Petitioner's *in forma pauperis* status, an alternate monetary sanction would not be more effective. Finally, the sixth *Poulis* factor is neutral, because the Petition lacks sufficient information to allow the Court to effectively determine the meritoriousness of Petitioner's sole claim for relief.

In summary, at least four of the six *Poulis* factors weigh in favor of dismissal. Accordingly, the Court concludes that dismissal for failure to prosecute is appropriate under Rule 41(b).

## V. CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant Petition under Rule 41(b) for failure to prosecute. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). *See United States v. Eyer*, 113 F.3d 470, 474 (3d Cir. 1997). A separate Order follows.

Dated: January 18, 2022

_____
Colm F. Connolly
Chief Judge